UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CENCERIA EDWARDS,

    Plaintiff,
vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CENCERIA EDWARDS, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, CENCERIA EDWARDS, is *sui juris*, and a citizen and resident of the state of New York.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

- 1 -

5. parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about January 24, 2018, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL VICTORY as a result of a wet and unreasonably slippery passenger cabin bathroom floor.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL VICTORY.

## COUNT ONE-NEGLIGENT MAINTAINANCE OF THE CABIN BATHROOM FLOOR

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff had left her cabin on CARNIVAL VICTORY. At the time that she left the cabin, the bathroom floor was clean and dry. While she was gone from the cabin, the cabin steward entered the cabin and cleaned the cabin but left a residual amount of water on the bathroom floor in the cabin.

15. When Plaintiff returned to her cabin, she was caused to slip and fall on the water that had been carelessly left on the bathroom floor by the cabin steward.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to dry the cabin floor even though it had ample and sufficient time to do so.

17. The bathroom in Plaintiff's cabin was made unreasonably slippery by the presence of water on the bathroom floor and the fact that the floor did not have a non-slip surface and was unreasonably slippery when wet.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL VICTORY by reason of an unreasonably dangerous and slippery wet bathroom floor in her passenger cabin.

19. The floor or deck was unreasonably slippery because it was wet and/or because Defendant knew or should have known through the exercise of reasonable care in the circumstances that the floor in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet.

20. The wetness came from the cabin steward entering Plaintiff's cabin to clean it but left a residual amount of water on the floor in the bathroom. No one else entered the cabin from the time Plaintiff left the cabin and the time she returned except for the cabin steward who had entered to clean the cabin. When Plaintiff returned to the cabin, it was apparent that the steward had been there and had cleaned the cabin.

21. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a floor on a passenger deck in a reasonably safe, dry and non-slippery condition, and/or;

   b. Failing to properly and safely train cabin stewards in the care and maintenance of a floor in a passenger bathroom, and/or;

   c. Failing to conduct routine safety inspections on bathroom floors in passenger cabins to determine if the floor was unreasonably slippery when wet, and/or;

   d. Failing to assign a sufficient number of crew members to keep a floor in a passenger cabin in a clean and dry condition, and/or;

   e. Failing to place non-slip mats on a slippery walking surface which would eliminate a known hazard, and/or;

   f. Failing to properly dry the floor in a passenger cabin after it had been cleaned, and/or;

   g. Failing to warn Plaintiff of an unreasonably slippery bathroom floor, and/or;

   h. Failing to warn Plaintiff of a wet bathroom floor, and/or;

22. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty-one to have caused or contributed to causing Plaintiff's injury. Upon information and belief other passengers have slipped and fallen on unreasonably slippery when wet bathroom floors on this ship and on other ships in Defendant's fleet where the same or

similar floor surface is found.

23. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to slip and fall in her passenger cabin bathroom. The Plaintiff was unaware that the floor was wet and was unreasonably and dangerously slippery when wet.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety and was walking carefully and cautiously but still slipped and fell.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from banging her head on a grab bar in the bathroom when she slipped and slid across the floor, suffered a loss of earnings and earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

27. Defendant CARNIVAL actively participated in the design and construction of CARNIVAL VICTORY. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the flooring which caused Plaintiff's injury and chose or participated in

   choosing the materials such as the flooring/decking where the incident occurred

28. Defendant contracted with design firms to design and construct the floor where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the cabin bathroom floor where Plaintiff slipped and fell.

29. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design flooring in the passenger bathroom which was and is reasonably safe in the circumstances when it was wet.

30. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff slipped and fell on a wet and unreasonably slippery deck and was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. At all times material, Plaintiff acted with reasonable care for her own safety.

  WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment

interest and costs.  Jury trial is demanded.

## COUNT III-NEGLIGENT FAILURE TO WARN

33. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

34. The Plaintiff was seriously injured when he was caused to slip and fall on the Lido Deck. The Plaintiff saw that the deck was wet prior to his slipping and falling and being injured. Although it had rained earlier in the day, the rain had stopped for a sufficiently long enough period of time for Defendant to place warning signs in the area that would have warned Plaintiff that the deck was still wet from rain and/or unreasonably slippery when wet.

35. In this case, although the floor was wet, no warning signs or cones had been placed in the area alerting Plaintiff to the unreasonably dangerous nature of the walking surface.

36. At all times material, Plaintiff was acting with due care for his own safety.

37. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that the deck was unreasonably and dangerously slippery when it was wet.

38. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from striking her head on a grab bar in the bathroom, suffered a loss of earnings and earning capacity.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

39. Defendant knew or should have known through the exercise of reasonable care in the

- 8 -

circumstances that the floor where Plaintiff slipped and fell was wet and also was unreasonably slippery and dangerous when wet.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 10th day of January, 2019.

>HOFFMAN LAW FIRM
>PAUL M. HOFFMAN, ESQ.
>2881 East Oakland Park Boulevard
>Fort Lauderdale, FL 33306
>Telephone: (954) 707-5040
>
>*/s//Paul M. Hoffman, Esq.*
>PAUL M. HOFFMAN
>Florida Bar No:   0279897